125 F.3d 859
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Luis ESTRADA-SANDOVAL, Defendant-Appellant.
 No. 96-10442.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1997**
Decided Sept. 26, 1997.
 
 Appeal from the United States District Court for the District of Arizona, William D. Browning, District Judge, Presiding; No CR-96-00004-WDB.
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jose Luis Estrada-Sandoval ("Estrada") appeals his jury conviction and 33 month sentence for possession of marijuana with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 21 U.S.C. § 1291, and we affirm.
 
 
 3
 Estrada contends that the district court erred by giving an instruction which stated that the jury should consider out of court statements by the defendant with caution and that the evidence should be disregarded unless the statements were knowingly made. Estrada contends that the instruction: (1) was misleading and confusing for the jury when read in conjunction with the credibility instruction given; (2) should only be given when the out of court statement is suspect; and (3) may have resulted in the jury unfairly disregarding his in-court testimony. These contentions lack merit.
 
 
 4
 In reviewing jury instructions, the relevant inquiry is whether the instructions as a whole were misleading or inadequate to aid the jury's deliberations. See United States v. Moore, 109 F.3d 1456, 1465 (9th Cir.1997) (en banc), petition for cert. filed (U.S. June 2, 1997) (No. 96-9227). The defendant is not entitled to any particular form of jury instruction so long as they fairly and adequately cover the defendant's theories of defense. See United States v. Solomon, 825 F.2d 1292, 1295 (9th Cir.1987).
 
 
 5
 Ordinarily the instruction Estrada challenges is only given where the out of court statement is incriminating rather than exculpatory. While we agree with Estrada that this instruction did not aid the jury in its deliberations, the instruction clearly did not apply to the statements at issue in this case. Because Estrada never claimed his out-of-court statements were involuntary or incriminating, and testified to substantially the same facts at trial, the jury would have had no reason to apply the instruction to the statements. Furthermore, the jury was properly instructed on how to weigh Estrada's trial testimony. The district court informed the jury that they were not to single out one instruction alone but should consider the instructions as a whole, that they were the sole judges of the credibility of the witnesses, and that they were the true finders of fact. Viewing the instructions as a whole, we find they were not misleading or inadequate. See Moore, 109 F.3d at 1465. Thus, the giving of the challenged instruction was not plain error. See id.
 
 
 6
 Accordingly, the district court's judgment of conviction is AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3